IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDA ELLIOT,<br><br>    Plaintiff,<br><br>v.<br><br>WESLEY WOODS SENIOR LIVING, INC.,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Linda Elliott ("Plaintiff") and files this Complaint against Defendant Wesley Woods Senior Living, Inc. ("Defendant"), showing the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of her rights under the Age Discrimination in Employment Act, as amended ("ADEA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADEA. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff's Notice of Right to sue on October 4, 2024.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District.

8.

At all times relevant, Defendant has had twenty or more employees. For each working day in each of twenty or more calendar weeks during 2023 and 2024, Defendants had fifteen or more employees.

9.

At all times relevant, Defendant has been an employer subject to the ADEA.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to their Registered Agent, Terry Barcroft, 1817 Clifton Road NE, Atlanta, GA, 30329.

## FACTS

11.

Plaintiff was hired by Defendant as a Licensed Practical Nurse in or around June 2023.

12,

During her employment, Plaintiff performed her job duties competently and met or exceeded Defendant's legitimate performance expectations.

13.

On October 10, 2023, Plaintiff requested a copy of Defendant's harassment and bullying policy from HR Manager Melissa Lawery.

14.

On October 16, 2023, Plaintiff submitted a formal grievance against her assigned CNA regarding workplace concerns.

16.

In November 2023, Plaintiff engaged in protected activity by filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination (Charge No. 410-2024-01643).

17.

Defendant Wesley Woods Senior Living, Inc. received notice of Plaintiff's EEOC charge and responded to it on or about December 28, 2023.

18.

In its position statement, Defendant raised no issues with Plaintiff's employment and stated that Plaintiff was still employed.

19.

On March 5, 2024, Plaintiff was suspended by Sharon, the Director of Nursing.

20.

During the suspension meeting, Sharon made direct reference to Plaintiff's protected activity, stating that "no one had ever called the EEOC about Wesley Woods before."

21.

Just two days after her suspension, on March 7, 2024, Plaintiff was terminated from her employment.

22.

Defendant provided no legitimate reason for Plaintiff's termination.

23.

The temporal proximity between Plaintiff's protected activity and her termination, combined with Sharon's direct reference to Plaintiff's EEOC charge, demonstrates that Defendant's actions were retaliatory in nature.

24.

On August 8, 2024, Plaintiff filed a second EEOC charge (Charge No. 410-2024-11986) alleging retaliation for her previous protected activity.

25.

Although Defendant may purport to provide a legitimate, non-retaliatory reason for Plaintiff's suspension and termination, any such reason would be pretextual.

26.

Plaintiff was not provided a reason for her termination, or a separation notice.

## COUNT I: Retaliation in Violation of the ADEA

27.

Plaintiff incorporates by reference paragraphs 11-26 as if fully set forth herein.

28.

Defendant took adverse employment actions against Plaintiff by suspending and terminating her employment.

29

A causal connection exists between Plaintiff's protected activity and the adverse employment actions, as evidenced by the temporal proximity between her EEOC charge and the adverse actions, as well as Sharon's direct reference to Plaintiff's EEOC activity during her suspension.

30.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost wages and benefits, emotional distress, and other damages

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)   Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(D)   Grant Liquidated damages based on Defendant's willful, malicious, intentional, and deliberate acts, including retaliation, ratification, condonation and approval of said acts;

(E)   Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(F)　　Award Plaintiff such further and additional relief as may be just and appropriate.

This 2nd day of January, 2025.

                                          **BARRETT & FARAHANY**

                                          */s/ Amanda Farahany*

                                          Amanda A. Farahany
                                          Bar No. 646135

                                          Attorney for Linda Elliot

2921 Piedmont Road
Atlanta, GA 30305
amanda@justiceatwork.com

9