IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDA ELLIOT,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY WOODS SENIOR LIVING, INC., and SHERON STEVENSON,<br><br>Defendants. | Civil Action No.<br><br>1:25-CV-00009-ELR-RDC<br><br>JURY TRIAL DEMANDED |

## **AMENDED COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Linda Elliott ("Plaintiff") and files this Amended Complaint against Defendant Wesley Woods Senior Living, Inc. ("Defendant Wesley Woods") and Sheron Stevenson ("Defendant Stevenson") (collectively "Defendants"), showing the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendants for violations of her rights under the Age Discrimination in Employment Act, as amended ("ADEA") and under Georgia law.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADEA. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff's Notice of Right to sue on October 4, 2024.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant Wesley Woods was qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District.

8.

At all times relevant, Defendant Wesley Woods has had twenty or more employees. For each working day in each of twenty or more calendar weeks during 2023 and 2024, Defendants had fifteen or more employees.

9.

At all times relevant, Defendant Wesley Woods has been an employer subject to the ADEA.

10.

Defendant Wesley Woods may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Terry Barcroft, 1817 Clifton Road NE, Atlanta, GA, 30329.

11.

Defendant Sheron Stevenson is an Executive Assistant Director for Defendant Wesley Woods and may be served at her place of business, Wesley Woods Senior Living, Inc., 2280 Highway 29 N, Newnan, GA 30265.

## FACTS

12.

Plaintiff was hired by Defendant as a Licensed Practical Nurse in or around June 2023.

13.

During her employment, Plaintiff performed her job duties competently and met or exceeded Defendant's legitimate performance expectations.

14.

On October 10, 2023, Plaintiff requested a copy of Defendant's harassment and bullying policy from HR Manager Melissa Lawery.

15.

On October 16, 2023, Plaintiff submitted a formal grievance against her assigned CNA regarding workplace concerns, including bullying and harassment.

16.

In November 2023, Plaintiff engaged in protected activity by filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination (Charge No. 410-2024-01643).

17.

Defendant Wesley Woods Senior Living, Inc. received notice of Plaintiff's EEOC charge and responded to it on or about December 28, 2023.

18.

In its position statement, Defendant raised no issues with Plaintiff's employment and stated that Plaintiff was still employed.

19.

On March 4, 2024, Plaintiff's tire began to deflate as she drove home from work following her shift, which ended at or around 11 p.m.

20.

On March 5, 2024, Plaintiff's tire went completely flat on her way to work, stranding her on the side of the road.

21.

When Plaintiff's husband changed the tire, he saw a puncture in the tire that was consistent with someone "slashing" the tire.

22.

Plaintiff called the Coweta County Sheriff's Office to report the vandalism to her tire because she felt unsafe.

23.

A sheriff's deputy came to investigate; he reviewed the security camera footage, but the cameras did not cover the parking lot.

24.

In response to Plaintiff's statement to the deputy that the workplace was dangerous and she was fearful for her safety, Defendant Sheron Stevenson, immediately began pressuring Plaintiff to leave work.

25.

Upon information and belief, Defendant failed to take any action to determine the perpetrator of the tire slashing incident, despite the clear escalation of the previous bullying and harassment reported by Plaintiff and despite stating to the deputy that Defendant would do so.

26.

On the same day, March 5, 2024, Plaintiff was suspended by Defendant Stevenson.

27.

During the suspension meeting, Defendant Stevenson made direct reference to Plaintiff's protected activity, stating that "no one had ever called the EEOC about Wesley Woods before."

28.

Just two days after her suspension, on March 7, 2024, Plaintiff was terminated from her employment.

29.

Defendant Stevenson intentionally and maliciously gave an inaccurate account of the events on March 5, 2024 to other employees of Defendant Wesley Woods, and this inaccurate account forms the basis for Plaintiff’s suspension and subsequent termination.

30.

Defendants provided no legitimate reason for Plaintiff's termination.

31.

The temporal proximity between Plaintiff's protected activity and her termination, combined with Defendant Stevenson's direct reference to Plaintiff's EEOC charge, demonstrates that Defendants' actions were retaliatory in nature.

32.

On August 8, 2024, Plaintiff filed a second EEOC charge (Charge No. 410-2024-11986) alleging retaliation for her previous protected activity.

33.

Although Defendant Wesley Woods may purport to provide a legitimate, non-retaliatory reason for Plaintiff's suspension and termination, any such reason would be pretextual.

34.

Plaintiff was not provided a reason for her termination, or a separation notice.

**COUNT I: Retaliation in Violation of the ADEA**

35.

Plaintiff incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36.

Defendant Wesley Woods took adverse employment actions against Plaintiff by suspending and terminating her employment.

37.

A causal connection exists between Plaintiff's protected activity and the adverse employment actions, as evidenced by the temporal proximity between her EEOC charge and the adverse actions as well as Defendant Stevenson's direct reference to Plaintiff's EEOC activity during her suspension.

38.

As a result of Defendant Wesley Woods's unlawful actions, Plaintiff has suffered lost wages and benefits, emotional distress, and other damages.

**COUNT TWO: NEGLIGENT AND WRONGFUL HIRING, RETENTION, AND SUPERVISION**

39.

Plaintiff re-alleges paragraphs 1 to 34 as if set forth fully herein.

40.

Defendant Wesley Woods knew, or in the exercise of ordinary diligence, should have known of the bullying and harassment of its employees toward Plaintiff.

41.

These employees' actions were not wholly unrelated to their employment with Defendant Wesley Woods, and Defendant Wesley Woods failed to take effective remedial or preventive action.

42.

Defendant Wesley Woods is thus liable to Plaintiff for all of the damages sustained as a result of Defendant Wesley Woods's employees' harassing conduct and vandalism.

## **COUNT THREE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

43.

Plaintiff re-alleges paragraphs 1 to 34 as if set forth fully herein.

44.

Defendant Stevenson intentionally and recklessly gave an inaccurate account of the events of March 5, 2024.

45.

Defendant Wesley Woods intentionally and recklessly failed to further investigate the events of March 5, 2024, as well as the earlier bullying and harassment reported by Plaintiff.

46.

Defendants' conduct—retaliation against Plaintiff and failure to properly protect her by investigating her complaints of bullying and harassment—was extreme and outrageous.

47.

As a result of Defendants' wrongful conduct, Plaintiff suffered severe emotional and psychological distress, anguish, loss of income and benefits, humiliation, and other indignities.

**COUNT FOUR: PUNITIVE DAMAGES, O.C.G.A. § 51-12-5.1**

48.

Plaintiff re-alleges paragraphs 1 to 34 as if set forth fully herein.

49.

The foregoing acts of Defendants were intentional and humiliating, and evidence a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Plaintiff is entitled to recover from Defendants, in

addition to compensatory damages, an award of punitive damages under the law of Georgia to punish each of the Defendants, or to deter them from repeating such wrongful acts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C) Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(D) Grant punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including retaliation, ratification, condonation and approval of said acts;

(E) Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

This 5th day of August 2025.

**BARRETT & FARAHANY**

Amanda A. Farahany
Bar No. 646135

Attorney for Linda Elliot

2921 Piedmont Road
Atlanta, GA 30305
amanda@justiceatwork.com